**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**FLOYD WESLEY WHITE** — **PLAINTIFF**

**v.** — **CIVIL ACTION NO. 1:18-CV-P129-GNS**

**LOGAN CO. (COMMONWEALTH) *et al.*** — **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Floyd Wesley White's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the action will be dismissed.

### I.

Plaintiff is a pretrial detainee incarcerated in the Simpson County Detention Center. As Defendants, he names "Logan Co. (Commonwealth)," Mike Chestnut, Seth Whitaker, Lil Boosie, ATF, and DEA. He sues Defendants Chestnut and Lil Boosie in their individual capacities and Defendant Whitaker in his individual and official capacities.

As his statement of claims, Plaintiff alleges as follows:

> All of afore mentioned parties but not limited to the parties within themselves (several if not all of the Logan Co. Emplye as in a whole court, hospital, jail/detention staff, law enforcement city & county, drug task force) The civilian parties concerned but not limited to those civilian parties all conspiried together for whatever there reasons may be found to be. Having multiple audio/video devices placed in my body in various places without my consent. I do not wish to catorgize the exact details of the situation as any false statement may be held to my accountability. However in breif detail actions from posioning my food while incarcerated, sliting my wrists while unconsions, leaving me in a facility while fumigating it. Surgericaly placing devices in my body in numerous places. Listing me as an Informant to which I am not nor ever have been.
>
> Threateng me, [illegible] me, non-stop for more than a year period now. As well as but not limited to the extent of statig they would plant evidence on me or my family members including but not limited to plenty eviedence at my parents house,

> sisters house, childrens mothers houses and various othr family members houes that is to vast to detail as I dont have legal [illegible] present to properly label, identify, and recont the exact nature of the possiblites of the statements made [illegible] from placing drugs, weapons, properties and much more all for the purpose of incarceratig me and my family if I did not work for them as an undercover Informant. I feel as if my life and the lives of fall my family member are in sever danger. I beg of the recipants of this matter take immidate action please as the last packet I recieved was misplaced.

(emphasis omitted).

As relief, Plaintiff seeks monetary and punitive damages, unspecified injunctive relief, and other relief in the form of incarceration of "the guilty parties" (emphasis omitted).

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must screen complaint under 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Under § 1915A, the Court must dismiss the complaint, or any portion thereof, if it determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Here, Plaintiff alleges a vast conspiracy by numerous county jail and other staff, various law enforcement agencies, and civilian parties to harm him by various means, including poisoning his food, slitting his wrists, leaving him in jail during fumigation, surgically placing audio/video devices in his body in numerous places, listing him as an informant, threatening him, and planting evidence on him and his family. The complaint does not contain well-pleaded facts against Defendants and does not suggest more than a sheer possibility of unlawful conduct. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555; *see also Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) ("'It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'") (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). Because Plaintiff fails to

allege specific details of how each of the named Defendants acted to violate his federally protected rights, his complaint must be dismissed.

Additionally, as to Plaintiff's request for incarceration of "the guilty parties," "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Further, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, Plaintiff's request for incarceration of "the guilty parties," presumably a reference to Defendants, will be dismissed as frivolous.

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: April 29, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
4416.005